■　　JOAN LAPPERT, Appellant, v. JAMES LAPPERT, JR., Respondent.— Order of the Supreme Court, Queens County, dated October 18, 1966, reversed, without costs; defendant's motion denied, without costs and without prejudice to renewal of the motion insofar as it was to delete decretal paragraph " 6 " of the judgment of separation in this action; and plaintiff's cross motion remanded to Special Term for a determination on the merits. Defendant husband sought to strike out of the judgment of separation the decretal paragraphs " 2 ", " 4 " and " 6 " (" 2 " and "4" relating to alimony and support and " 6 " relating to designation of attorneys in fact for service of papers on him in this action). He contended that the judgment was superseded by a valid Mexican divorce obtained by the plaintiff wife. The judgment of separation contains a provision that: " The requirements afore-mentioned for alimony and support shall not be affected by any decree of divorce which may be obtained by either of the parties hereto against the other." The parties entered into a separation agreement subsequent to the entry of the judgment, but prior to the commencement of the Mexican divorce proceeding; and the ensuing Mexican divorce decree approved and incorporated the separation judgment and agreement. However, the agreement provided that it was not to be merged in any divorce decree and that the separation judgment was incorporated into the agreement and was to be obeyed by the parties. In our opinion, the circumstances herein take this case out of the general rule that the alimony provisions of a judgment of separation are superseded by a subsequent valid foreign divorce. Here the judgment provided that it was to be unaffected by a subsequent divorce decree and the Mexican court, in conformity with this provision, by approving the separation agreement which incorporated the judgment of separation, left the parties to their rights under the judgment and the agreement with regard to alimony and support. While we agree with the defendant that the " survival clause " would have been ineffective to preclude a New York court or a foreign court having personal jurisdiction of the parties from modifying the alimony provisions of the judgment in a subsequent divorce proceeding, the fact is that the Mexican court did not attempt to modify the judgment. Beldock, P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■　　ROSE W. LYNN, as Administratrix of the Estate of LOUIS LYNN, Deceased, Appellant, v. CITY OF NEW YORK, Defendant, and JEROME L. JACOBY, Respondent.— Judgment of the Supreme Court, Queens County, entered November 17, 1965, reversed, on the law, and new trial granted as against defendant Jacoby, with costs to abide the event. No questions of fact have been considered. Plaintiff's proof established a prima facie case requiring submission to the jury. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.